1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTHUR J.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C23-1773 RSM

**ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING
FOR FURTHER PROCEEDINGS**

       Plaintiff seeks review of the denial of his application for Disability Insurance Benefits (DIB).  Plaintiff contends the ALJ erred at steps one and four and improperly assessed his residual functional capacity (RFC) by misevaluating medical opinion evidence and his symptom testimony.  Dkt. 6.  Plaintiff further contends the ALJ's errors warrant a remand for an award of benefits.  *Id*. at 2–3.  Defendant agrees the ALJ's decision "contained legal errors" but argues a remand for further proceedings is required.  Dkt. 14.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

       Plaintiff is 48 years old, has at least a high school education, and has worked as an office helper and cleaner/housekeeping.  Admin. Record (AR) 31, 84.  Plaintiff applied for benefits in

July 2021, alleging disability as of April 4, 2018.  AR 84–85, 109.  Plaintiff's application was denied initially and on reconsideration.  AR 105, 130.  The ALJ conducted a hearing in June 2023, where Plaintiff requested to amend his alleged onset date to January 1, 2020.  AR 38–79. In July 2023, the ALJ issued a decision finding Plaintiff not disabled from April 4, 2018, through his date last insured of March 31, 2023.  AR 14–37.  The ALJ assessed Plaintiff had the RFC to perform light work, and that based on his RFC, Plaintiff could perform his past work.  AR 24–32.

## DISCUSSION

The only issue the Court must consider is whether this case should be remanded for further proceedings or for an award of benefits.  Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison*, 759 F.3d at 1020).  Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."  *Garrison*, 759 F.3d at 1020.  And "[e]ven if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

1  further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

2      The first step is met here, given Defendant's concession of error.  Dkt. 14 at 2.

3  Defendant specifically states the ALJ erred by failing to evaluate whether fibromyalgia was a

4  medically determinable impairment, thus impacting the ALJ's evaluation of his symptom

5  testimony and consequently the assessment of his RFC.  *See id*.  However, the parties disagree as

6  to the second step.  Plaintiff argues the record is complete and "there would be no utility in

7  remanding for further administrative proceedings."  *See* Dkts. 6 at 18; 15 at 5.  Plaintiff therefore

8  asks the Court to proceed to the third step, arguing that if the opinions of Dr. Sinton or Dr.

9  Hughes and his symptom testimony, all of which the ALJ rejected, were credited, the ALJ would

10  find him disabled on remand.  *See id*.  Defendant, however, argues remand is necessary due to

11  the "significant factual conflicts and ambiguities" in the record.  Dkt. 14 at 2–3.

12      At step two of the credit-as-true framework, the Court must determine if the record is free

13  from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether

14  the claimant's entitlement to benefits is clear under the applicable legal rules.  *See Treichler*, 775

15  F.3d at 1101.  Here, the Court finds that even with the ALJ's conceded error, the record raises

16  several questions and sufficient ambiguity that necessitates a remand for further proceedings.

17      First, the record is not entirely clear about the severity of Plaintiff's symptoms.  Plaintiff

18  testified he is unable to work because of pain in his back and leg.  AR 53.  He explained he is

19  limited in walking, lifting, squatting, and reaching, can stand for only 30 minutes and sit down

20  for only 30 minutes, and has to take frequent breaks.  AR 52–53, 281.  The ALJ found Plaintiff's

21  testimony not entirely supported, given the objective medical evidence noting normal findings

22  and treatment notes observing improvement AR 26 (citing AR 938, 1299, 1301, 1311, 1351,

23  1396, 1481, 1485, 2391, 2400).  "Impairments that can be controlled effectively with medication

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

1 are not disabling for the purpose of determining eligibility for [social security disability]

2 benefits." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir.

3 2006).

4         Plaintiff's testimony is similarly undermined by examinations of Dr. Hughes, who noted

5 his normal gait, almost full muscle strength, lack of joint swelling, ability to lift, carry, and

6 handle light objects, ability to squat and rise from position with ease, ability to rise from a sitting

7 position without assistance, ability to hop on one foot, and ability to fully extend, pinch, grasp,

8 and manipulate with his hands without difficulty.  AR 1290–92.  "When objective medical

9 evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may

10 indeed weigh it as undercutting such testimony."  *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir.

11 2022).

12         Second, the medical opinion evidence presents a conflicting view of Plaintiff's physical

13 limitations.  Dr. Sinton opined Plaintiff is not able to perform physical labor, instead writing on

14 several occasions that Plaintiff should be limited to performing sedentary work.  *See* AR 1428–

15 34.  In contrast, Dr. Hughes opined Plaintiff is able to carry up to 20 pounds frequently.  AR

16 1295.  Dr. Watkins and Dr. Ryan similarly opined Plaintiff is able to occasionally lift and/or

17 carry 25 pounds, frequently lift and/or carry 20 pounds.  AR 97–98, 120–24.  The opinions of Dr.

18 Hughes, Dr. Watkins, and Dr. Ryan diverge in other aspects as well.  Dr. Hughes proposed that

19 Plaintiff be allowed to change from a sitting to standing positions frequently, while Dr. Watkins

20 and Dr. Ray found Plaintiff able to stand for six hours in an eight-hour workday and sit for six

21 hours in an eight-hour workday.  *Id*.  The conflicting opinions of these physicians support a

22 remand for further proceedings.  *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015).

23         Finally, there are relevant factual issues that would benefit from a remand for further

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

proceedings.  There is some confusion as to Plaintiff's alleged onset date.  Plaintiff requested to

amend it from April 4, 2018, to January 1, 2020, and the ALJ appeared to have granted it during

the hearing (AR 43), yet the ALJ later denied it in her decision.  *See* AR 17, 32.  "When further

proceedings are necessary to determine the onset date, it is appropriate to remand for those

proceedings."  *Dominguez*, 808 F.3d at 409.  The ALJ noted Plaintiff earned amounts above the

monthly minimum set forth when considering whether a claimant engages in substantial gainful

in activity for part of 2023.  AR 20 (citing 217, 228).  This is inconsistent with Plaintiff's

testimony that his last attempt at working was in 2022.  *See* AR 54.

The ALJ also noted Plaintiff received unemployment insurance benefits from the state of

Washington after his alleged onset date.  AR 20 (citing AR 228).  The ALJ explained this "calls

into question the severity of [Plaintiff's] alleged disability" because to receive such benefits, a

claimant must confirm that they are physically able and available for work.  AR 20.  Plaintiff

disputes the validity of the ALJ's reasoning and argues receipt of unemployment insurance

benefits does not preclude receipt of Social Security benefits, pointing to a memorandum from

Chief Administrative Law Judge Cristaudo. Dkts. 6 at 4–5; 6-1 at 1.  But that memorandum does

not mention any prohibition against considering a claimant's receipt of unemployment insurance

benefits—rather, the memorandum explained that it must be considered along with other

evidence in the record.  *See* Dkt. 6-1 at 1.  As discussed above, the ALJ, in addition to

commenting on Plaintiff's unemployment benefits, noted inconsistencies between Plaintiff's

testimony and the objective medical evidence and treatment records.  Moreover, the Ninth

Circuit has found that "[c]ontinued receipt of unemployment benefits does cast doubt on a claim

of disability, as it shows that an applicant holds himself out as capable of working."  *See Ghanim

v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014).  Plaintiff directs the Court to *Owens v. Barnhart*,

48 Fed. Appx. 624 (9th Cir. 2002), but this citation does not do much to support his argument that the ALJ's error warrant a remanding for an award of benefits.  While the Ninth Circuit did decline to affirm the ALJ's discounting of the plaintiff's testimony based on her receipt of unemployment insurance benefits in that case, the decision was not due to any kind of blanket ruling as Plaintiff suggests.  *See id*. at 625.  Instead, the Ninth Circuit explained that although some unemployment statutes are not necessarily inconsistent with those of the Social Security Act, there was not enough in the record to show this was the case with the plaintiff's applications.  *Id*. n. 1.  The situation is similar to Plaintiff's here.  An affirmation from Plaintiff that he is physically able and available to work would reasonably be inconsistent with his testimony, but there is nothing in the record to show Plaintiff made such an affirmation.  In other words, whether Plaintiff's receipt of unemployment insurance benefits would necessarily be inconsistent with his claim under the Social Security Act presents another factual issue that wound benefit from remanding for further proceedings.

Plaintiff himself also disputes the ALJ's findings at step four that he is able to perform his past relevant work as an office helper and cleaner/housekeeping.  Dkt. 6 at 7–11; AR 31. Plaintiff argues his work as an office helper was an unsuccessful work attempt, and the ALJ's RFC assessment does not account for the duties of a cleaner/housekeeping.  *Id*.  Given the ALJ's findings at step four were the basis for the ALJ's ultimate finding of nondisability, determining whether Plaintiff's work as an office helper qualifies as past relevant work, properly assessing Plaintiff's RFC, and determining whether, based on that RFC, Plaintiff would be able to perform the duties of a housekeeper require resolution by the ALJ.

In sum, although Defendant conceded error with parts of the ALJ's decision, there remains conflicting evidence and several factual issues that need further resolution, foreclosing

the Court from considering the third step of the credit-as-true framework. *See Treichler*, 773 F.3d at 1101. Accordingly, the Court finds remanding for further proceedings, rather than for an award of benefits, the appropriate remedy.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall determine whether fibromyalgia is a medically determinable impairment, reevaluate Plaintiff's symptom testimony and the conflicting medical opinion evidence, reassess Plaintiff's RFC, further develop the record as necessary, and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 18th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7